UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
KADER OUEDRAOGO,

                                    1:25-cv-2723

        Plaintiff,

     -against-                           COMPLAINT

CITY WORLD TOYOTA, and
GEICO INSURANCE COMPANY

        Defendants
-------------------------------------------------------------------x

Plaintiff KADER OUEDRAOGO ("Plaintiff"), by and through his undersigned counsel, Mallon Consumer Law Group, PLLC , brings this action against CITY WORLD TOYOTA ("City World") and GEICO INSURANCE COMPANY ("GEICO") and alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant City World Toyota for stealing Plaintiff's identity to use it to obtain car insurance for a separate individual and against GEICO for allowing the theft to occur and for accessing Plaintiff's credit reports without a permissible purpose.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction of the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

4. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff, a natural person, was at all relevant times a resident of the State of New York, Bronx County, and qualifies as an individual "consumer" within the meaning of both the FCRA and the NY FCRA.  See 15 U.S.C. § 1681a(c).

6. Defendant City World Toyota is a New York corporation, duly authorized and qualified to do business in the State of New York.

7. Defendant GEICO Insurance Company is a Nebraska corporation, duly authorized and qualified to do business in the State of New York.

## FACTUAL BACKGROUND

8. Plaintiff reached out to City World Toyota in late June 2024 to inquire about purchasing a vehicle.

9. The Plaintiff gave City World his identifying information and continued to correspond with them into early July 2024 but did not ultimately end up purchasing a vehicle from City World.

10. On or around November 27, 2024 Plaintiff went to a different car dealership, Fordham Toyota, and found a car he desired to purchase.

11. Plaintiff purchased a vehicle from Fordham Toyota, but when they dealership attempted to obtain insurance for Plaintiff's vehicle, GEICO rejected Plaintiff's application for insurance because, according to GEICO, he had just purchased an existing policy with them.

12. Plaintiff soon realized that after failing to purchase a car from them, City World had used his information to obtain car insurance from GEICO for a vehicle he never purchased.

13. The insurance was jointly purchased on November 20, 2024 with an individual named Moussa Keita – someone who Plaintiff does not know and never had any dealings with.

14. Plaintiff thereafter called the salesperson who sold him the vehicle, who admitted that they had used Plaintiff's information without his consent.

15. When GEICO was contacted on or around November 20, 2024, to open an insurance policy in Plaintiff's name they never contacted Plaintiff to verify that he intended to open a policy in his name.

16. Plaintiff is further informed and believes that prior to issuing Plaintiff insurance in his name GEICO obtained a copy of Plaintiff's credit report without his knowledge or consent.

17. Plaintiff has suffered damage as a result of Defendants' unlawful conduct, including damage to his credit, being denied for insurance, invasion of his privacy and emotional distress damages.

### FIRST CAUSE OF ACTION
VIOLATION OF THE NY FCRA
Against City World Toyota Only

18. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

19. Defendant City World Toyota violated NY GBL § 380-s by knowingly and with the intent to defraud did obtain car insurance in Plaintiff's name without his knowledge and consent.

20. Plaintiff suffered damages as a result of Defendant's conduct, including but not limited to being denied car insurance, and emotional distress.

21. Accordingly, Defendant is thus liable to the Plaintiff for actual, punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' NY FCRA violations, pursuant to 380

§ GBL-l.

## SECOND CAUSE OF ACTION
VIOLATION OF THE FCRA
Against All Defendants

22. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

23. Defendants each obtained a copy of Plaintiff's credit reports without his knowledge or consent and without a permissible purpose to do so in violation of 15 USC § 1681b.

24. Accordingly, Defendants are thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## THIRD CAUSE OF ACTION
Negligence
Against All Defendants

25. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

26. Defendant City World Toyota had a duty to Plaintiff to supervise their employees and proven them from using Plaintiff's identifying information to obtain insurance without his knowing or consent.

27. Defendant breached that duty when it failed to properly supervise its employees and to prevent the subject fraud from occurring.

28. Defendant GEICO had a duty to Plaintiff to safeguard Plaintiff from the impact of the

fraudulent insurance scheme described above.

29. Defendants breached that duty when it failed to protect Plaintiff from the fraudulent scheme.

30. Plaintiff suffered actual harm as a result of Defendants' conduct as described above,

including being denied car insurance, damage to his credit and emotional distress.


**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: April 1, 2025

                                            Respectfully submitted,

                                            Kevin C. Mallon
                                            Mallon Consumer Law Group PLLC
                                            238 Merritt Drive
                                            Oradell, NJ 07649
                                            (917) 734-6815
                                            kmallon@consumerprotectionfirm.com
                                            *Attorneys for the Plaintiff*